# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| 888 GUAM LLC d.b.a. CLEAN SHOT GUAM,<br><br>          Plaintiff,<br><br>vs.<br><br>JASON PAUL CASTRO CAMPOS and GINA ANN P. CAMPOS,<br><br>          Defendants. | Civil Case No. CV0680-19<br><br><br>**DECISION AND ORDER**<br>(Motion to Set Aside Default Judgment) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 26, 2021 for a hearing on Defendants' Motion to Set Aside Default Judgment. Plaintiff 888 Guam LLC d.b.a. Clean Shot Guam ("Plaintiff") was represented by Attorney Minakshi V. Hemlani. Defendants Jason Paul Castro Campos and Gina Ann P. Campos ("Defendants") were represented by Attorney Mark Williams. After considering the pleadings, oral arguments, and applicable law, this Court **DENIES** Defendants' Motion to Set Aside Default Judgment.

## BACKGROUND

This case arises out of a contract dispute concerning an option to purchase real property described as 311 Monessa Lane, Pago Bay, Chalan Pago ("Property") under the Lease Agreement with Option to Purchase Property ("Lease/Purchase Agreement") entered into by Plaintiff and Defendants on or about July 25 and 26, 2014. *See* Compl. ¶ 5 (May 31, 2019). Plaintiff filed the Verified Complaint for Specific Performance and Alternatively for Breach of Contract on May 31, 2019. Defendants were served with the Summons and Complaint on July 14, 2019.

Defendants filed a Notice of Bankruptcy Filing to this Court on July 8, 2019, indicating they had filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court, District Court of Guam ("District Court of Guam"). As a result, proceedings before this Court in the above-captioned matter were stayed pursuant to 11 U.S.C. §362. Plaintiffs filed a Notice of Bankruptcy Case Dismissal on July 6, 2020, indicating that Defendants' bankruptcy case had been dismissed. Plaintiff served a copy of the Notice via certified mail to the Defendants' last known address on July 7, 2020. Decision and Order (Dec. 30, 2020) at 2.

A Notice of Status Hearing was issued on September 23, 2020. Yet, neither Defendants nor their counsel appeared at the Status Hearing held on September 29, 2020. Plaintiff filed a Motion for Entry of Default and Judgment on September 30, 2020, which was served on Defendants' counsel via electronic mail on October 2, 2020. The Clerk of Court entered an Entry of Default on October 7, 2020. On October 22, 2020, Defendants filed their Answer and Counterclaim. Defendants also filed their opposition to the Motion for Default on October 30, 2020, and Plaintiffs filed a reply on November 11, 2020. After taking the matter under advisement, the Court issued a Decision and Order granting Plaintiff's Motion for Entry of Default Judgment on December 30, 2020. The decision upheld the Entry of Default entered by the Clerk of Court for the request of specific performance and ordered Defendants to perform their obligations under the Lease/Purchase Agreement and convey marketable title to the Property. The Court also ordered the Defendants' Answer and Counterclaim stricken from the record.

On March 11, 2021, Defendants submitted their Motion to Set Aside Default Judgment. Plaintiff filed its opposition on April 5, 2021. Defendants submitted a reply on April 22, 2021 and Plaintiff filed a surreply on May 24, 2021. A motion hearing was held on May 26, 2021, after which this matter was taken under advisement.

## DISCUSSION

### I. The Court properly affirmed the default judgment in its December 30, 2020 Decision and Order and there is no valid basis to set aside the judgment under Rule 60(b)(1).

Guam courts have the authority to set aside default judgments "for good cause shown" and "in accordance with Rule 60(b)" of the Guam Rules of Civil Procedure. Guam R. Civ. P. 55(c). Rule 60(b) sets forth reasons for which a court may set aside a final judgment, to include due to "mistake, inadvertence, surprise, or excusable neglect." Guam R. Civ. P. 60(b)(1). Rule 60(b) motions are liberally applied. *Mariano v. Surla,* 2010 Guam 2 ¶ 35. Default judgments are generally disfavored and cases should be decided on their merits whenever possible. *Id.*

However, trial courts have "broad latitude" when deciding whether to grant or deny relief from judgment. *Midsea Indus., Inc. v. HK Eng'g, Ltd.,* 1998 Guam 14 ¶ 4. A court will deny a motion to set aside a default judgment if: (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Id.* at 5. A court need find only one of the three factors to deny vacation of a default judgment. *Id.* "Once a court determines that a party's culpable conduct led to the default, the ruling may be upheld without inquiring into any meritorious defenses or possible prejudices to the plaintiff." *Duenas v. Brady,* 2008 Guam 27 ¶ 17. The Ninth Circuit has opined that to engage in culpable conduct, a movant "must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010).

In a motion to set aside a judgment under Rule 60(b)(1), a trial judge is afforded much discretion in evaluating an attorney's neglect. *Duenas,* 2008 Guam 27 ¶ 22 (citing *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). "Although attorney carelessness can

constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington*, 433 F.3d at 546 (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). "Neither carelessness nor ignorance, ascribed to the party or the party's attorney, may supply grounds for relief under 60(b)(1). *Duenas*, 2008 Guam 27 ¶ 20. It is within the trial court's discretion to grant relief when failure to meet a deadline is attributable to the party's attorney. *Id.* ¶ 22.

Defendants argue that the default judgment should be set aside because their attorney's conduct amounted to excusable neglect, rather than culpable conduct. Mot. to Set Aside (Mar. 11, 2021) at 6. If viewed as excusable neglect, the default judgment may be set aside under Rule 60(b)(1). In the December 30, 2020 Decision and Order affirming the default judgment against Defendants, the Court found Defendants' arguments to set aside the default judgment under both Rule 55(c) and 60(b) to be unpersuasive. The Defendants relied upon the same *Midsea* standard in the first Motion to Set Aside and the current Motion to Set Aside. Using this standard, the Court found that the Defendants culpable conduct, rather than excusable neglect, led to the default judgment.

In particular, in this Court's December 30 Decision, it noted that Defendants set forth no extraordinary circumstance or explanation for the failure to answer or acknowledge the Plaintiff's filings. The Court noted that Defendants were represented at the time of default and that Defendants' reliance on the Supreme Court of Guam's Administrative Orders was unreasonable. Defendants do not deny receiving the Notice of Bankruptcy Case Dismissal or the September 23, 2020 Notice of Status Hearing, which the Court issued to Defendants' counsel via electronic mail. Yet, neither Defendants nor their counsel appeared at the status hearing. After receiving Plaintiff's Motion for Entry of Default and Judgment, it took an

additional 20 days for Defendants to file their Answer and Counterclaim. Based upon these facts, the Court found it clear that the Defendants' culpable conduct led to the ultimate entry of default judgment.

Plaintiff argues, and the court agrees, that Defendants also engaged in a pattern of culpable conduct. For example, Defendants filed for bankruptcy "in order to stay default judgment against Debtors' residential property." *See* Reply in Support of Motion for Entry of Default Judgement, Ex. A. (Nov. 11, 2020). The bankruptcy proceedings caused Plaintiffs financial expenses in litigating their property before the bankruptcy court. After Defendants admitted to misusing a homestead exemption for the property at issue in this case where Defendants do not reside, and other inaccuracies in the bankruptcy petition, Defendants ultimately dismissed their bankruptcy petition. *Id.*, p. 2, ln. 13-24 and Ex. B and C. Defendants' conduct appears to have been done to interfere with judicial decision-making and manipulate the legal process.

Additionally, Defendants listed the Property shortly after a hearing wherein the parties informed the Court that a *lis pendens* concerning the Property was filed at the Department of Land Management. Opp'n (Apr. 5, 2021) at 11. Defendants sought third-party cash buyers who could assume the risk of litigation with Plaintiff upon purchase. *Id.* The Court granted Plaintiff's preliminary injunction to prevent Defendants from listing, disposing of, or transferring title or possession of the property. *See* Order Granting Plaintiff's Ex Parte Motion for Preliminary Injunction (Dec. 15, 2020). The Defendants' listing of the property interfered with judicial decision-making, disregarded the *lis pendens*, and sought buyers who would assume the risk of clouded title.

For the aforementioned reasons, the Court properly found that the Defendants' culpable conduct led to the default judgment; thus, the first *Midsea* factor is met. Once a court finds that

a party's culpable conduct led to the default judgment, it may be upheld without evaluating any meritorious defenses or prejudices to the Plaintiff. Thus, the finding of Defendants' culpable conduct is sufficient to affirm the default judgment.

### a. The COVID-19 pandemic is not a persuasive excuse justifying Defendants' lack of action as excusable neglect.

Defendants contend that their actions should be afforded leniency because "the COVID-19 pandemic has caused exceptional upheaval in the legal industry and that, accordingly, additional flexibility is warranted." Motion to Set Aside Default, p. 8 (Mar. 11, 2021). Defendants cite decisions from other jurisdictions in support of this argument, none of which are binding or particularly persuasive.

For example, Defendants cite an Arizona District Court decision, wherein the court denied a motion for default judgment and granted an extension after a deadline was missed in part due to the shift to telework stemming from the COVID-19 pandemic. *Simpson v. Brennan*, No. CV-20-00495-PHX-DWL, at \*3 (D. Ariz. May 26, 2020). Defendants also cite a Colorado District Court decision, wherein the court set aside a default judgment after the defendant explained that service of the complaint occurred at a time of reduced staffing resulting from the COVID-19 pandemic. *Kahler v. Wal-Mart Stores, Inc*, No. 20-CV-01536-WJM-KMT, at \*3 (D. Colo. Dec. 14, 2020). Defendants also cite various cases from other jurisdictions to support their argument for leniency. *See Cruz v. Reliance Standard Life Ins. Co.*, No. 1:18-cv-00974-RB-SCY (D.N.M. Apr. 21, 2020) (wherein the court found excusable neglect where an attorney failed to timely respond to a motion for summary judgment due to disruption to the firm's staff caused by the COVID-19 pandemic); *see also Mills v. Mayo Clinic*, No. 19-cv-2859 (SRN/ECW), at \*2 (D. Minn. Dec. 11, 2020) (wherein the court found that failure to timely serve an expert report was attributable to excusable neglect resulting from a COVID-19

a party's culpable conduct led to the default judgment, it may be upheld without evaluating any meritorious defenses or prejudices to the Plaintiff. Thus, the finding of Defendants' culpable conduct is sufficient to affirm the default judgment.

### a. The COVID-19 pandemic is not a persuasive excuse justifying Defendants' lack of action as excusable neglect.

Defendants contend that their actions should be afforded leniency because "the COVID-19 pandemic has caused exceptional upheaval in the legal industry and that, accordingly, additional flexibility is warranted." Motion to Set Aside Default, p. 8 (Mar. 11, 2021). Defendants cite decisions from other jurisdictions in support of this argument, none of which are binding or particularly persuasive.

For example, Defendants cite an Arizona District Court decision, wherein the court denied a motion for default judgment and granted an extension after a deadline was missed in part due to the shift to telework stemming from the COVID-19 pandemic. *Simpson v. Brennan*, No. CV-20-00495-PHX-DWL, at *5 (D. Ariz. May 26, 2020). Defendants also cite a Colorado District Court decision, wherein the court set aside a default judgment after the defendant explained that service of the complaint occurred at a time of reduced staffing resulting from the COVID-19 pandemic. *Kahler v. Wal-Mart Stores, Inc*, No. 20-CV-01536-WJM-KMT, at *3 (D. Colo. Dec. 14, 2020). Defendants also cite various cases from other jurisdictions to support their argument for leniency. *See Cruz v. Reliance Standard Life Ins. Co.*, No. 1:18-cv-00974-RB-SCY (D.N.M. Apr. 21, 2020) (wherein the court found excusable neglect where an attorney failed to timely respond to a motion for summary judgment due to disruption to the firm's staff caused by the COVID-19 pandemic); *see also Mills v. Mayo Clinic*, No. 19-cv-2859 (SRN/ECW), at *1, 4 (D. Minn. Dec. 11, 2020) (wherein the court found that failure to timely serve an expert report was attributable to excusable neglect resulting from a COVID-19

outbreak at a lawyer's firm that resulted in a "sudden breakdown in administration"); *see also Greenspan v. Qazi*, No. 20-cv-03426-JD (N.D. Cal. Sep. 2, 2020).

Here, Defense counsel contends he failed to realize the proper calculation of the deadline for submitting an answer. Mot. to Set Aside at 4. This mistake was allegedly the result of disorganization in the midst of the pandemic, when defense counsel's support staff had reduced availability and the Supreme Court of Guam issued numerous administrative orders tolling various deadlines. *Id.* Plaintiffs contend, and the Court agrees, that while the COVID-19 pandemic has affected certain aspects of litigation and the management of proceedings, "it should not be used as a catchall justification or general excuse for passive conduct." Opp'n at 9. Further, many of the cited cases are factually distinct, involved different circumstances, shorter delays, and thus were not particularly persuasive. For these reasons, while the challenges brought by the COVID-19 pandemic are considered, the Court finds they do not provide an adequate excuse justifying relief from judgment under Rule 60(b)(1).

## II. The Verified Complaint is sufficient to support the default judgment.

The Verified Complaint is well-plead and provides no basis to set aside the judgment. Guam follows the *Conley* pleading standard and only requires that a complaint include a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52; *Conley v. Gibson*, 355 U.S. 41 (1957). "[A] valid contract requires 'an offer, acceptance and consideration.'" *Unified Interest v. PacAir Props*, 2017 Guam 9 ¶ 30 (citing 18 GCA § 85102). The Ninth Circuit has also held that "facts which are not established by the pleadings . . . or claims which are not well-pleaded, are not binding" and cannot support a default judgment. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "A default judgment is unassailable on the merits but only so far as it is supported by

well-pleaded allegations, assumed to be true." *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Here, Defendants argue that the allegations in the Complaint, when taken as true, are not sufficient to support the default judgment. Mot. to Set Aside at 2. Defendants contend that there is a lack of sufficient consideration, and that a default judgment is inappropriate. *Id.* Defendants further contend that while "Plaintiff offered to pay consideration" called for in the agreement, Plaintiff did not actually provide the consideration within the sixty days required by the Lease/Purchase Agreement. Reply (Apr. 22, 2021) at 4.

Plaintiff, on the other hand, argues that the Complaint establishes well-pleaded facts and supporting exhibits. Surreply (May 24, 2021) at 3. Plaintiff contends that the Complaint clearly sets forth the basis of the contract and the bargained for consideration it entailed. *Id.* For example, "Plaintiff made a deposit of Ten Thousand Two Hundred Dollars ($10,200.00) to Defendants in agreed-upon installments commencing July 2014." *See* Compl. ¶ 8. "Prior to the commencement of regular monthly payments in November 2014, the Tenants/Buyers shall pay Landlord/Seller Ten Thousand Two Hundred Dollars ($10,200.00) as a deposit towards their option to purchase the Property . . ." *Id.* Ex. A, ¶ 4. Plaintiff exercised its option to purchase on June 4, 2018, and requested the balance purchase price and information to open an escrow account. Compl. ¶ 11. While Defendants claim Plaintiff failed to provide the purchase price, Plaintiff asserts it attempted to finalize the purchase price and sale (Compl. ¶¶ 13-17), but Defendants did not finalize the sale or convey marketable title (Compl. ¶¶ 26, 34). But for Defendants refusal to convey marketable title, Plaintiff contends it would have and is willing to pay the final purchase price for the property. *See* Pl.'s Second Submission re: Evidentiary Hearing (Mar. 16, 2021).

The Court finds that the Complaint is based upon the Lease/Purchase Agreement, which is a valid contract for which Plaintiff provided valuable consideration. Further, Plaintiff attempted to finalize the purchase price for the Property in order to exercise its option, but Defendants failed to respond. Thus, Plaintiff's breach of contract claim is well-pleaded. For these reasons, the Court finds that Defendants' argument is unpersuasive and without basis. Therefore, the Verified Complaint is sufficient to support the default judgment.

## CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** its December 30, 2020 Decision and Order granting default judgment in favor of the Plaintiff. Defendants are **ORDERED** to specifically perform their obligations under the Lease/Purchase Agreement and to convey marketable title to the real property described as 311 Monessa Lane, Pago Bay, Chalan Pago to Plaintiff by General Warranty Deed. Because Defendants do not present any new or persuasive arguments to justify vacating the default judgment, the Motion to Set Aside Default Judgment is **DENIED**.

IT IS SO ORDERED _____AUG 1 1 2021_____.



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

M. Hemlani

m. Wilson

Date:_____Time:_____ 8/11/21

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam